IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**   CASE NO. 3:22 CR 219

   Plaintiff,

v.   JUDGE JAMES R. KNEPP II

**CARL FLOYD,**

   Defendant.   **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is *pro se* Defendant Carl Floyd's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 107). The Government responded in opposition (Doc. 113) and Floyd replied (Doc. 116). For the reasons discussed below, Floyd's motion is denied.

### BACKGROUND

In May 2022, Floyd was indicted on one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (2). (Doc. 7, at 1-2).

On February 8, 2023, Floyd entered a plea of guilty pursuant to a plea agreement. (Doc. 25). The facts underlying the crime to which Floyd pled guilty are as follows. In June 2021, money and fentanyl were stolen from co-defendant (and Floyd's son) Marques Floyd by a drug user. *See* Doc. 62. Floyd and his son attempted to retrieve the stolen money and drugs by going to the drug user's residence. Once there, Floyd saw the drug user's girlfriend in the parking lot. Floyd exited the vehicle, pushed her inside, and sped away. As he drove, his son pistol-whipped the girlfriend/victim. The purpose of the kidnapping was to use the victim to obtain the stolen drugs

and money. Floyd and his son took the victim back to the drug user's apartment in an attempt to lure him out. They were unsuccessful. The victim was ultimately held by Marques Floyd at his apartment against her will for seven days and supplied with drugs to ensure compliance.

On April 24, 2024, this Court sentenced Floyd to a term of 188 months' imprisonment followed by three years of supervised release. (Doc. 82).

Floyd now moves this Court for compassionate release, citing his "severe and serious" medical issues, including a heart problem for which he takes numerous daily medications, diabetes for which he requires daily insulin, and neuropathy. (Doc. 107-1, at 1). He contends these conditions are "intrusive and impactful" and have taken a toll on his mental, spiritual, and physical health. *Id.* He states he has completed numerous programs geared toward a successful transition back into society, has been calculated to have a low-recidivism level, and is "not a threat nor does he pose a danger to his community." *Id.* at 2. He notes that he has a myriad of letters of support from family and friends, and that he has been offered employment with a trucking company should he be released. *Id.*; (Doc. 107-7) (letters). He attaches a proposed release plan, his request for compassionate release, and the Warden's denial. (Docs. 107-3 to 107-5). Finally, he attaches his Bureau of Prisons Recidivism Risk Assessment. (Doc. 107-6). With its response, the Government attaches Floyd's prison medical records. (Doc. 113-2). In reply, Floyd repeats that he has used his time in incarceration to engage in rehabilitative efforts and cites his medical conditions. (Doc. 116, at 2). He further emphasizes that he did not participate in the violent conduct against the victim and that he was simply "a driver for his son who fed him drugs to keep him high[.]" *Id.*; *see also id.* at 3 ("The statement of facts in this case are misleading, due to the events that happened, and who actually did what.").

**DISCUSSION**

Floyd moves this Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). He contends his medical conditions, prison environment, and family hardship demonstrate extraordinary and compelling reasons that justify his release. *See* Doc. 107, at 4; Doc. 107-1. He proposes he be released to reside with his sister, and states that he has been offered employment with Allen Trucking. (Docs. 107-1, at 2; 107-2, at 2). The Government responds that (1) Floyd does not present an extraordinary and compelling reason to justify the remedy he seeks; and (2) the § 3553(a) factors do not support a sentence reduction. *See* Doc. 113. For the reasons discussed below, the Court denies Floyd's motion.

A district court generally lacks authority to "modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Title 18 U.S.C. § 3582(c)(1) – the compassionate release statute upon which Floyd relies as the basis for his motion – provides:

> **(c) Modification of an imposed term of imprisonment.** --The court may not modify a term of imprisonment once it has been imposed except that--
>
> **(1)** in any case--
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]

18 U.S.C. § 3582(c). Thus, release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction[,]" (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission[,]" and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (quotations omitted). District courts "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others"; but "in granting a compassionate-release motion, district courts must address all three steps." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[1]

Section 3582(c) does not define "extraordinary and compelling." But the Sentencing Commission recently issued a revised policy statement regarding sentence reductions under 18 U.S.C. § 3582(c)(1)(A). The policy statement identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence. U.S.S.G. § 1B1.13(B)(1)–(6) (effective November 1, 2023).[2] These are: (1) medical circumstances

---

1. As noted, an inmate must first exhaust all administrative remedies, *see* 18 U.S.C. § 3582(c)(1)(A); however, the Government agrees that it appears Floyd has done so here. *See* Doc. 113, at 3-4; Doc. 107-5 (Warden's letter denying request for compassionate release).
2. Until recently, however, the policy statement set forth in § 1B1.13 was not binding on this Court in evaluating motions for compassionate release filed directly by prisoners. The version of § 1B1.13 in effect until November 1, 2023, was adopted before the First Step Act, and therefore did not account for the fact that defendants are now permitted to file their own motions for compassionate release. The Sixth Circuit has therefore held it was not an "applicable" policy statement under 18 U.S.C. § 3582(c)(1)(A), and "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts [had] discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). The policy statement effective November 1, 2023, now begins: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A),

4

of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b). Floyd's motion implicates the medical circumstances rationale.

Extraordinary and Compelling Reasons

In his motion, Floyd relies primarily on his medical conditions and the support he has from friends and family.

The Sixth Circuit explains that "identifying 'extraordinary and compelling reasons' is a task that focuses on post-sentencing factual developments. A court must first find that the facts of *the defendant's* personal circumstances changed after sentencing in a way that is 'extraordinary and compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." *United States v. Hunter*, 12 F.4th 555, 569-70 (6th Cir. 2021) (citing *Setser v. United States*, 566 U.S. 231, 243 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing")). It has "said that defendants seeking compassionate release must show that their 'personal circumstances' have 'changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing.'" *Id.* at 570 (quoting *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021)). "Therefore, facts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *Id.*

First, Plaintiff's support from friends and family, albeit encouraging and admirable, is not

---

the court may reduce a term of imprisonment . . . ." U.S.S.G. § 1B1.13 (emphasis added). As such, it is now an "applicable" policy statement with which any sentence reduction must be "consistent". 18 U.S.C. § 3582(c)(1)(A); *see also, e.g.*, *United States v. Hill*, 2024 WL 2089011, at *2-3 (N.D. Ohio) (finding policy statement at § 1B1.13 is now applicable to defendant-filed motions).

a circumstance that has changed since the time of sentencing. Indeed, the Court commented on it at sentencing, citing letters received from friends and family and noting the support of individuals present in the courtroom. *See* Doc. 82, at 40 ("It does mean something to me to see that someone who is appearing before me has the support of family ready to help them when this -- when this is over. That means something that there will be people there waiting to greet them back with open arms at some point."). The Court reiterates that Floyd is lucky to have this support and the Court does not take it lightly. But it is not a changed circumstance nor an extraordinary and compelling reason.

Second, Floyd's medical condition was also considered and taken into account at sentencing. (Doc. 82). And the Court is not convinced Floyd has now demonstrated that his medical condition has changed to the level of being an "extraordinary and compelling" reason for his release. The Court has reviewed Floyd's medical records, which show he is being seen and treated regularly by Bureau of Prisons Health Services staff. *See* Doc. 113-2 (sealed Bureau of Prisons medical records). Floyd has not demonstrated that his medical conditions have not been, or cannot be, treated within the prison system. *See, e.g.*, *United States v. DeJournett*, 2024 WL 1580102, at *5 (N.D. Ohio) (denying motion for compassionate release because defendant "failed to carry his burden of demonstrating that he is not being provided with the specialized medical care that he requires"); *United States v. Blackwell*, 2024 WL 4534259, at *3-4 (N.D. Ohio) (denying motion for compassionate release where petitioner did not demonstrate evidence that his condition was not manageable in the prison environment or that he was not receiving appropriate medical care).

<u>§ 3553(a) Factors</u>

Even if Floyd could clear the initial hurdle of demonstrating an extraordinary and compelling reason, the Court would still deny his motion because the sentencing factors in § 3553(a) do not favor release. *See United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a) and directing district courts to consider all relevant statutory factors).

Specifically, "the nature and circumstances" of Floyd's offense were serious and weigh heavily against release. 18 U.S.C. § 3553(a)(1). Although Floyd's son, Marques, may have been the main actor/instigator and committed additional crimes against the victim, Floyd himself was an active participant in a kidnapping in which the victim was abducted and held against her will.

As it did at the time of sentencing, the Court must consider the goals of reflecting the seriousness of the offense, respect for the law, providing just punishment, protecting the public, and deterring Floyd and others from future criminal conduct. 18 U.S.C. § 3553(a)(2). The Court finds ordering Floyd's release would undermine each of these sentencing goals.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Floyd's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 107) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Date: April 24, 2025